FILED

FEB 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30374 |
| Plaintiff - Appellee, | DC No. CR 1:09-00254 BLW |
| v. | |
| MICHAEL JAMES SHARP, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted January 11, 2012
Seattle, Washington

Before:    TASHIMA, GRABER, and RAWLINSON, Circuit Judges.

Michael James Sharp, a convicted sex offender, appeals several conditions

of supervised release imposed following his guilty-plea conviction for felon

firearm possession. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm

in part, reverse in part, and remand for further proceedings.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** Sharp first contends that the conditions imposed on him were premised on disputed facts in the presentence investigation report ("PSR") about which the court had made no findings. But, although Fed. R. Crim. P. 32 would have required the court to rule on "specific factual objections" to the PSR, *United States v. Stoterau*, 524 F.3d 988, 1011 (9th Cir. 2008), Sharp made no such objections. Therefore, the trial court was entitled to accept the PSR's factual assertions as true. *See* Fed. R. Crim. P. 32(i)(3)(A); *United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc) ("[T]he district court may rely on undisputed statements in the PSR at sentencing.").

**2.** Sharp next objects to several special conditions imposed on him on the ground that they are excessive. This court reviews for abuse of discretion the imposition of conditions of supervision. *Stoterau*, 524 F.3d at 1002. Although in this context the court's discretion is "wide," it is not "unfettered." *United States v. T.M.*, 330 F.3d 1235, 1239-40 (9th Cir. 2003). Conditions must be substantively reasonable – that is, be "reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender," and involve "no greater deprivation of liberty than is reasonably necessary for the purposes" of supervised release. *Id.* at 1240 (internal quotation marks omitted). They must also be imposed in a procedurally acceptable fashion; if the justification for a condition is not "apparent

from the record," the district court must spell it out at sentencing. *United States v. Blinkinsop*, 606 F.3d 1110, 1119 (9th Cir. 2010) (emphases omitted), *cert. denied*, 2012 WL 33629 (U.S. Jan. 6, 2012); *see United States v. Rudd*, 662 F.3d 1257, 1260-61 (9th Cir. 2011).

**(a)** The condition requiring that Sharp undergo a sex offender evaluation, and the condition requiring that Sharp receive treatment for sexual deviancy, should his probation officer direct it, have no apparent justification in the record, and the district court did not provide one. These conditions are not reasonably related to the firearm possession offense of which Sharp was convicted; nor are they reasonably related to his past violations of court-ordered conditions, none of which involved sexual behavior. *See United States v. Betts*, 511 F.3d 872, 878 (9th Cir. 2007) (conditions must be based on an "individualized" assessment of "the nature and circumstances of the offense and the history and characteristics of the defendant" (internal quotation marks omitted)). Moreover, Sharp's sex offense was more than a decade old at the time of sentencing, making it too remote to justify the conditions by itself. *See T.M.*, 330 F.3d at 1240-41. These conditions

3

are therefore vacated.[1] On remand, the district court may consider reimposing the conditions, but would have to justify them with specific, relevant findings supported by the record. *See Rudd*, 662 F.3d at 1260-63 (vacating a special condition on the ground that it appeared arbitrary and remanding for the district court to further explain or reconsider the condition).

**(b)** The other three challenged special conditions,[2] which heavily restrict Sharp's contact with children, have some basis in the record. Sharp's previous violations of court orders, though they do not reflect improper sexual behavior, suggest a willingness to endanger minors and thus fully support two of the restrictions on Sharp's access to them. But the restriction that prohibits residency or loitering within 100 feet of areas primarily used by minors goes too far, at least on this record, because it provides no opportunity for the probation officer to grant an exemption. *See Blinkinsop*, 606 F.3d at 1121-22 (vacating blanket prohibition and remanding for the district court to consider tailoring the restriction to allow

---

[1] The treatment condition is vacated only to the degree that it refers to sexual deviancy, *i.e.*, the portion that reads, "including but not limited to cognitive/behavioral treatment for sexual deviancy by a qualified mental health professional."

[2] At oral argument, Sharp's counsel withdrew a challenge to another special condition, which requires polygraph testing, except to the extent of such testing in connection with the now-vacated conditions of sex offender evaluation and treatment.

access based on permission from the probation officer); *id.* at 1121 ("The probation officer, who has regular contact with a sex offender on supervised release, in consultation with treatment provider(s), is in the best position to determine the appropriate contact with minors for a released defendant convicted of a child-pornography crime, even with the defendant's children."). This condition is vacated and remanded for the district court to consider tailoring it to allow access if the probation officer grants permission.

**(c)** Last, Sharp challenges the imposition of a standard condition that he not associate with known felons, without making any exception for his wife (a known felon), and without giving any reasons why. To the extent that this condition relates to Sharp's wife, it is not materially distinguishable from *United States v. Napulou*, 593 F.3d 1041 (9th Cir. 2010), which held that a condition prohibiting contact between the defendant and her "life partner" implicated a "significant liberty interest" and thus required the district court to examine the pair's "present circumstances and relationship" and to "articulate" the reasons for imposing the condition. *Id.* at 1046-47; *see United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008).

Here, as in *Napulou*, there is no record evidence about the present circumstances and relationship between Sharp and his wife, no evidence as to

whether contact between the two would raise the odds of Sharp's returning to a criminal life, and no findings on these matters. That Sharp's wife has minor children is not enough, standing alone, to proscribe contact with her without explanation. *See United States v. Weber*, 451 F.3d 552, 566-67 (9th Cir. 2006) ("Th[e] tailoring requirement is all the more important in cases . . . where a particularly strong liberty interest is at stake."). The condition is therefore vacated to the extent it prohibits contact with Sharp's wife. The district court may reimpose the condition if it includes an exception for Sharp's wife or provides adequate reasons why no such exception is justified.

**REVERSED and REMANDED.**



***U.S. v. Sharp***, **Case No. 10-30374**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.